**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 17 2012, 9:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADRIAN DESHON PORCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1012-CR-686 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-0811-FA-379

**January 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Adrian Deshon Porch appeals his conviction for dealing in cocaine as a class A felony,[1] dealing in a narcotic drug as a class A felony,[2] and possession of paraphernalia as a class A misdemeanor.[3] Porch raises one issue which we revise and restate as whether the court abused its discretion in admitting certain evidence. Additionally, the State raises the issue of whether Porch's appeal is barred under the law of the case doctrine. We affirm.

The relevant facts follow. On November 10, 2008, at approximately 6:39 p.m., Officers Bradley Jones and Donovan Harrod of the Clark County Sheriff's Office came into contact with Porch and CaNon Harper in the parking lot of the Bel Air Motel in Clarksville, Indiana, when they pulled behind a vehicle which was already stopped. Officer Jones first made contact with Porch because "the occupants had already exited" and while Harper "was standing by the driver's side of the car," Officer Jones observed "Porch [] walking toward Room 120 [] with a bag in his hand trying to get to Room 120." Transcript at 96. When Porch approached the door of the hotel room, a female answered the door, but she "slammed" the door when she saw a police officer. Id. at 125. Officer Jones "asked [Porch] to come back" toward him, and after Porch approached the officers he told Officer Jones that "he was not the driver and that Mr. Harper was the driver." Id. at 96, 144. Officer Jones took the bag, specifically a woman's purse, from Porch and placed it on the hood of Harper vehicle and began to speak with Harper about the reason

---

[1] Ind. Code § 35-48-4-1 (Supp. 2006).

[2] Ind. Code § 35-48-4-1 (Supp. 2006).

[3] Ind. Code § 35-48-4-8.3 (2004).

2

he was stopped, informing Harper that his license plate light "was burned out or it was inoperable." Id. at 97.

After showing Harper that the license plate light was not working, Officer Jones asked Porch for permission to search his person, and Porch gave his consent. Officer Jones then asked Porch if the bag was his, and Porch replied that it was not. Officer Jones then asked Harper if the bag was his, Harper replied that it "belonged to an ex-girlfriend," and Officer Jones then asked both of the men for permission to search the bag, to which they both consented. Id. at 98. Officer Jones proceeded to search the bag and located "[t]wo plastic bags containing approximately forty-eight grams of cocaine, two plastic bags containing approximately thirty grams of heroin, a set of digital scales, pieces of aluminum foil and two razor blades." Id. at 99. Officer Jones then placed Porch in handcuffs and informed Officer Harrod to place Harper in handcuffs based upon the possession of the drugs. Harper resisted Officer Harrod's attempt at placing him in handcuffs and "ran away." Id. at 112. A short time later, another officer arrived and transported Porch to the jail while the other officers concentrated their efforts on apprehending Harper.

On November 18, 2008, the State charged Porch with various offenses which, as amended, were as follows: Count I, dealing in cocaine as a class A felony; Count II, possession of cocaine as a class A felony; Count III, visiting a common nuisance as a class B misdemeanor; Count IV, possession of paraphernalia as a class A misdemeanor; Count V, dealing in a narcotic drug as a class A felony; and Count VI, dealing in cocaine

3

as a class A felony.[4]  The State also charged Harper with various offenses.  Harper v. State, 922 N.E.2d 75, 78 (Ind. Ct. App. 2010), trans. denied.[5]  On January 8, 2009, Porch filed a motion to suppress evidence, and on March 27, 2009, Harper filed a motion to suppress evidence.  Id.  On May 6, 2009, the court held a consolidated suppression hearing.  Id.  The court denied both motions, and that decision was appealed to this court by way of interlocutory appeal.  Id.

On appeal, Porch and Harper argued that the evidence found in the bag should have been suppressed pursuant to the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution, and specifically argued regarding the Fourth Amendment that "the State failed to 'justify the seizure because [Officer Jones] never established a particularized belief that Mr. Harper or Mr. Porch [were] armed and presently dangerous,'" relying on the seminal United States Supreme Court case of Terry v. Ohio, 392 U.S. 1, 9, 88 S. Ct. 1868 (1968).  Id. at 79 (quoting Porch and Harper's Brief at 11).  We held that "Porch's brief detention was justified as it was not unreasonably long or intrusive," relying upon Tawdul v. State, 720 N.E.2d 1211, 1216-1217 (Ind. Ct. App. 1999), trans. denied, and that regardless of whether "the subsequent pat down search and search of the duffle bag was unreasonable . . . because Porch consented to the search of his person and to the search of the duffle bag . . . they cannot prevail, as it is well established that consent is a valid exception to the

---

[4] The State filed an amended charging information on June 10, 2010, which added Counts V and VI to the charges against Porch, and filed a second amended charging information on September 13, 2010 to correct a scrivener's error.

[5] As indicated below, this case concerns the interlocutory appeal of both Harper and Porch. Harper, 922 N.E.2d at 78.

4

requirements of the Fourth Amendment." Id. at 80-81 (citing Thayer v. State, 904 N.E.2d 706, 710 (Ind. Ct. App. 2009); United States v. Maldonado, 38 F.3d 936, 940 (7th Cir. 1994) (a suspect's failure to object can indicate consent), cert. denied, 516 U.S. 876, 116 S. Ct. 205 (1995), reh'g denied). We also held that the search was not unreasonable based upon the totality of the circumstances pursuant to Article 1, Section 11 of the Indiana Constitution because again, Porch consented to the search of his person and the bag. Id. at 81-82.

On August 18, 2010, the court granted the State's motion for joinder of defendants which had been filed on August 10, 2010. On September 14-15, 2010, the court held a jury trial for both Porch and Harper. At trial, Porch's counsel made a continuing objection to the admission into evidence of the bag Porch was carrying "based on originally cited grounds, search and seizure," and the court overruled the objection. Transcript at 101. Porch's counsel reiterated his continuing objection to the admission of the bags of cocaine, the bags of heroin, the digital scale, the razor blades, and the aluminum foil, and in each instance the court overruled Porch's objection. Porch's counsel also reiterated his continuing objection to the admission of two playing cards and a glass blender which were recovered from the bag, and the court also overruled those objections. During his cross examination, Officer Jones indicated that he "did not at any time actually see a passenger in [the] vehicle," that he did not "actually see Mr. Porch exit the vehicle," and that when he came upon the scene Porch was "walking toward" the door of the hotel room, but that it was "a short distance" to the point that "it could be one

5

in the same in all reality." Id. at 143-144. Officer Jones also testified that, when he first approached Porch, Porch told him that he was the passenger of the vehicle.

At the close of the State's case-in-chief, Porch renewed his motion to suppress due to the "illegal detaining of Mr. Porch and subsequently an illegal search and seizure."[6] Id. at 226. In renewing his motion, Porch argued that "there have been additional facts that have been raised that would support a Motion to Suppress," namely, that:

> Officer Jones testified that he never actually saw Mr. Porch as a passenger in the vehicle by the time . . . Officer Jones[] had arrived. He didn't actually see Mr. Porch in the vehicle, therefore, if we examine the law relative to being able to conduct an investigatory stop there's no proof that Mr. Porch was actually a passenger in the vehicle and based on that we don't believe that there was any basis to stop and detain Mr. Porch.

Id. at 227.

The jury found Porch guilty on Counts I, II, IV, V, and VI. On November 17, 2010, the court held a sentencing hearing and at the outset merged Count II into Count I and Count VI into Count V. The court sentenced Porch to forty years with ten years suspended to probation on Count I, one year on Count IV, and forty years with ten years suspended to probation on Count V, and it ordered that the sentences be served concurrently.

We address the issue raised by the State, namely, whether Porch's appeal is barred under the law of the case doctrine. The doctrine of the law of the case is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts. Cutter v. State, 725 N.E.2d 401,

---

[6] Porch also moved for a directed verdict based upon the State's failure to prove knowing possession of the contents of the purse, the denial of which is not challenged on appeal.

405 (Ind. 2000) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817-818, 108 S. Ct. 2166 (1988); State v. Lewis, 543 N.E.2d 1116, 1118 (Ind. 1989)), reh'g denied. The purpose of this doctrine is to promote finality and judicial economy. Id. The doctrine of the law of the case is applied only "to those issues actually considered and decided on appeal." Id. (quoting 4A KENNETH M. STROUD, INDIANA PRACTICE § 12.10 (2d ed. 1990) (emphasis omitted)); accord Riggs v. Burell, 619 N.E.2d 562, 564 (Ind. 1993) ("Questions not conclusively decided in a prior appeal do not become the law of the case."); Egbert v. Egbert, 235 Ind. 405, 415, 132 N.E.2d 910, 916 (1956) ("[T]he parties have the right to introduce new evidence and establish a new state of facts; and when this is done, the decision of the [court] ceases to be the law of the case . . . .") (quoting Alerding v. Allison, 170 Ind. 252, 258-259, 83 N.E. 1006, 1009-1010 (1908)).

In his appellant's brief, Porch addresses the law of the case issue, initially noting that "[b]efore addressing his claim that this court should revisit the search and seizure issue Porch would establish that the issue was properly reserved for appellate review," and he notes where his counsel objected at the relevant times at trial to preserve the issue. Appellant's Brief at 10. Porch argues that "[a] review of the testimony offered at the initial suppression hearing reflects the parties did not address the issue of whether the State had evidence that Porch was a passenger in Harper's vehicle," and that, based upon the record of the suppression hearing, "it is apparent that the trial court just assumed Porch had indeed been a passenger in Harper's vehicle." Id. at 11-12. Porch argues that "the appellate court . . . accepted as fact that Porch was a passenger in the vehicle and analyzed the scenario from the perspective of the officer's authority with respect to a

7

passenger in a vehicle during a standard traffic stop." Id. at 12. Porch argues that the trial testimony, however, "brought into clearer focus the validity of [Porch's] argument that the State could not establish that he had been a passenger in Harper's vehicle prior to the investigation at the Bel-Air Motel," and that "[w]ithout any evidence to establish the police officers knew Porch was a passenger in a vehicle they had stopped for a traffic infraction they lacked the authority recognized in Tawdul to detain Porch."[7] Id. at 12, 14.

The State argues that Porch's "interlocutory appeal in the present case involved the denial of his motion to suppress evidence and was based on [his] argument that his seizure by the police and the search of the bag/purse was in violation of the Fourth Amendment . . . and the Indiana Constitution," and that at trial, "he objected to the State's evidence simply 'based on originally cited grounds, search and seizure.'" Appellee's Brief at 6 (quoting Transcript at 101). The State argues that "[t]hus, [Porch] did nothing other than raise the same grounds as he had in his motion to suppress and interlocutory appeal." Id. The State also argues that "[a]lthough at the end of the State's case [Porch] renewed his motion to suppress and claimed that there were new facts supporting his motion," the only new fact Porch cited to "was that Officer Jones testified at trial that he did not actually observe [Porch] exit the vehicle. This minor deviation from his motion to suppress testimony had no bearing on the search and seizure issue." Id. at 6-7.

---

[7] In so arguing, Porch notes that "[t]he crux of the issue is whether the police had the right to order Porch to return to their presence after observing him at the door of a motel room near to the location of Harper's vehicle when they did not know if he had been a passenger," and that, because the rule from Tawdul was inapplicable to Porch, "the facts did not establish a reasonable suspicion sufficient to justify a Terry investigative stop." Appellant's Brief at 14-15.

We agree with the State that the issue presented by Porch has already been addressed by this court. Specifically, we do not agree with Porch that Officer Jones's testimony on cross examination that he "did not at any time actually see a passenger in [the] vehicle," that he did not "actually see Mr. Porch exit the vehicle," and that when Officer Jones came upon the scene Porch was "walking toward" the door of the hotel room as facts differing so substantially from those presented at the motion to suppress hearing as to establish a new state of facts to evaluate whether suppression was warranted. Transcript at 143-144. We note that Officer Jones also testified at trial that the distance between the hotel room door and the car was "a short distance" to the point that "it could be one in the same in all reality," and that when he first approached Porch, Porch told him that he was the passenger of the vehicle. Id. at 144. Thus, we decline to revisit Porch's objection at trial to suppress certain evidence which this court has previously addressed under the law of the case doctrine. See Avery v. State, 531 N.E.2d 1168, 1170 (Ind. 1988) (observing that the Court of Appeals previously affirmed the trial court's ruling regarding the admissibility of the defendant's confession on interlocutory appeal and that accordingly the admissibility of the confession was the law of the case).

For the foregoing reasons, we affirm Porch's convictions for dealing in cocaine, dealing in a narcotic drug, and possession of paraphernalia.

Affirmed.

MAY, J., and CRONE, J., concur.

9