Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 20 2013, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAWON L. WRIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1304-CR-368 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1203-FA-0208

**November 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Tawon Wright ("Wright") was convicted in Howard Superior Court of Class C felony possession of cocaine. The trial court sentenced Wright to an aggregate term of thirteen years. Wright's cocaine was discovered as the result of a traffic stop of the vehicle that Wright was a passenger in. Wright appeals and argues that the trial court erred in admitting evidence obtained as a result of the traffic stop because the stop was not supported by reasonable suspicion that the driver of the vehicle Wright was committing a crime.

We affirm.

**Facts and Procedural History**

On March 8, 2012, Kokomo Police Officer Chad VanCamp ("Officer VanCamp"), a canine officer, was on patrol when he observed a vehicle passing by with heavily tinted windows. The tint was so dark that Officer VanCamp was not able to ascertain the physical characteristics of the car's occupants, so he initiated a traffic stop based on his suspicion that the window tint exceeded the legal limit. Officer VanCamp then approached the car from the passenger side and requested identification from its occupants, Shautae Franklin ("Franklin"), who was the driver, and Wright. Franklin provided Officer VanCamp with her driver's license and Wright produced his birth certificate.

As Officer VanCamp spoke with Franklin and Wright, he noticed a strong odor coming from the interior of the car. He determined that the odor was the result of at least two air fresheners inside the car and a cigar that Wright was smoking. Officer VanCamp

2

believed that Wright and Franklin were using the cigar and the air fresheners in an attempt to cover the odors of illegal narcotics.

Officer VanCamp performed a "tint-o-meter" test on the car and determined that the darkness of the front driver's side window tint was illegal, in violation of Indiana Code section 9-19-19-4.[1] He then contacted dispatch to send an additional unit to assist him. When Officers Brad Reed ("Officer Reed"), Travis Williams ("Officer Williams"), and Detective Gary Taylor arrived at the scene of the stop, Officer VanCamp returned to his cruiser to conduct a driver's license inquiry and warrants check using the identification provided to him by Wright and Franklin.

While Officer VanCamp awaited the results of the driver's license inquiry, based on the masking odor he had detected inside Franklin's car, he and his canine conducted a drug sweep around the exterior of the vehicle. When the canine alerted to the presence of illegal narcotics, Officer Reed instructed Wright to exit the vehicle. Officer Reed then searched Wright and the vehicle and discovered a plastic bag of cocaine in Wright's shoe. Officer Reed and Officer Williams arrested Wright and transported him to the Howard County Jail. After Wright was booked into the jail, Officer Williams discovered an

---

[1] Indiana Code section 9-19-19-4(c) provides that

> [a] person may not drive a motor vehicle that has a:
>     (1) windshield;
>     (2) side wing;
>     (3) side window that is part of a front door; or
>     (4) rear back window;
> that is covered by or treated with sunscreening material or is tinted to the extent or manufactured in a way that the occupants of the vehicle cannot be easily identified or recognized through that window from outside the vehicle. However, it is a defense if the sunscreening material applied to those windows has a total solar reflectance of visible light of not more than twenty-five percent (25%) as measured on the nonfilm side and light transmittance of at least thirty percent (30%) in the visible light range.

additional plastic bag of cocaine in the backseat of his patrol car where Wright had been detained.

The next day, March 9, 2012, the State charged Wright with Class A felony dealing in cocaine. A jury trial was held on February 22, 2013. During the trial, Wright moved to suppress evidence of the cocaine, arguing that the initial traffic stop was not supported by reasonable suspicion. The trial court denied Wright's motion. On February 26, 2013, the jury returned a verdict of guilty on a lesser-included offense, Class C felony possession of cocaine. Wright then pleaded guilty to being an habitual substance offender. On March 27, 2013, Wright was sentenced to eight years executed in the Department of Correction and an additional five years executed for the habitual offender enhancement, for an aggregate of thirteen years executed. Wright now appeals.

**Standard of Review**

Wright argues that the trial court erred when it denied his motion to suppress evidence. However, because Wright did not seek an interlocutory appeal after the denial of his motion to suppress, the issue presented is more appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial. Washington v. State, 784 N.E.2d 584, 586-87 (Ind. Ct. App. 2003).

Questions regarding the admission of evidence are left to the sound discretion of the trial court, and on appeal, we review the court's decision only for an abuse of that discretion. Wells v. State, 904 N.E.2d 265, 269 (Ind. Ct. App. 2009), trans. denied. The trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. Id.

4

Our review of rulings on the admissibility of evidence is essentially the same regardless of whether the challenge is made through a pretrial motion to suppress or by an objection at trial. Jackson v. State, 890 N.E.2d 11, 15 (Ind. Ct. App. 2008). We will not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. Id. We will, however, consider any undisputed evidence that is favorable to the defendant and any foundational evidence introduced at trial in conjunction with evidence from a suppression hearing that is not in direct conflict with the trial evidence. Kelley v. State, 825 N.E.2d 420, 427 (Ind. Ct. App. 2005).

**Discussion and Decision**

Wright claims that the trial court erred in admitting evidence seized pursuant to Officer VanCamp's traffic stop because the stop was not supported by reasonable suspicion. He further argues that he was illegally detained when he was allegedly ordered back into his car while attempting to exit during Officer VanCamp's license inquiry.

The Fourth Amendment of the United States Constitution affords individuals protection from unreasonable searches and seizures.[2] Woodson v. State, 960 N.E.2d 224, 227 (Ind. Ct. App. 2012). These protections extend to brief investigatory stops of persons that fall short of traditional arrest. Armfield v. State, 918 N.E.2d 316, 319 (Ind. 2009). "[A]n officer is permitted to stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity

_____

[2] Wright makes no claim under Article 1, Section 11 of the Indiana Constitution and has therefore waived review under that provision.

5

may be afoot, even if the officer lacks probable cause." Id. at 319 (internal quotations omitted).

Reasonable suspicion requires that there be "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." Woodson, 960 N.E.2d at 227 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Although there is no set of hard-and-fast rules to determine what constitutes reasonable suspicion, a mere "hunch" is insufficient. Id. On appeal, we make reasonable suspicion determinations by looking at the totality of the circumstances of each case to determine whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing. Id.

A traffic stop is permissible as long as an officer has at least a reasonable suspicion that a law has been violated. Indiana Code section 34-28-5-3 allows an officer to detain a person if the officer believes, in good faith, that the person has violated a law. Our supreme court has found "good faith" where an officer initiates a traffic stop on a car with windows too heavily tinted for him to determine the physical appearance of the car's occupants. Sanders v. State, 989 N.E.2d 332 (Ind. 2013).

Here, the trial court found that, at the time he performed the traffic stop, Officer VanCamp believed in good faith that the tint on the windows of Franklin's car were in violation of the law. The tint was so dark that Officer VanCamp could not see into the car to determine its occupants' physical characteristics. This observation provided reasonable suspicion for Officer VanCamp to initiate the traffic stop. The subsequent canine search was not improper, since it was performed during the course of a lawful

6

traffic stop and did not itself prolong the time required to complete the traffic stop. See Myers v. State, 839 N.E.2d 1146, 1149 (Ind. 2005) (citing Illinois v. Caballes, 543 U.S. 405, 125 S.Ct. 834, 837, 838, 160 L.Ed.2d 842, 846, 847 (2005)). Wright does not argue that the subsequent searches of his person and of Franklin's car were unsupported by probable cause. Therefore, the trial court did not abuse its discretion in admitting evidence seized pursuant to the traffic stop and subsequent search.

Wright further argues that the trial court erred in finding more credible Officer VanCamp's testimony that Wright did not attempt to leave Franklin's vehicle over Franklin's testimony that Wright attempted to exit the vehicle but was ordered by an officer to remain in the vehicle, and that the officer's order constituted an illegal seizure of Wright.[3] Wright's argument amounts to a request that we reweigh the evidence and judge for ourselves the credibility of the witnesses, which we will not do. See McHenry v. State, 820 N.E.2d 124, 127 (Ind. 2005). However, in this regard it is important to note that, even if the trial court had found Franklin's testimony to be credible, a police officer "may order a passenger who has exited a lawfully stopped vehicle to return to the vehicle . . . in order to ascertain the situation and to alleviate any concerns the officer has for his or her safety." Tawdul v. State, 720 N.E.2d 1211, 1216-17 (Ind. Ct. App. 1999). See also Harper v. State, 922 N.E.2d 75, 80 (Ind. Ct. App. 2010) (holding that a police officer's request that an automobile passenger not leave the scene of the traffic stop did

---

[3] Franklin testified that, after VanCamp returned to his cruiser to perform the license inquiry and warrant check, Wright attempted to exit Franklin's car and one of the officers ordered him to "get back in." Tr. p. 73. Officer VanCamp's testimony, however, indicated that Wright did not attempt to exit the vehicle until officers asked him to do so.

not exceed the permissible scope of a traffic stop where passenger had exited vehicle and started walking toward a nearby motel door, officer was unsure what the passenger was doing, and the officer then explained that the basis for traffic stop was an un-illuminated tail light).

## Conclusion

For all of these reasons, and under the facts and circumstances before us, we conclude that the police had reasonable suspicion to perform the traffic stop at issue for illegally tinted windows. Therefore, the trial court did not abuse its discretion in admitting evidence obtained as a result of Wright's encounter with police as a result of this traffic stop.

Affirmed.

NAJAM, J., and BROWN, J., concur.