**STATE of Indiana, Appellant,**

v.

**William R. LEWIS, M.D., Appellee.**

**No. 45S00–8711–CR–01088.**

Supreme Court of Indiana.

Sept. 20, 1989.

Linley E. Pearson, Atty. Gen., Michael Worden, Deputy Atty. Gen., Indianapolis, John F. Crawford, Jr., Pros. Atty., for Lake County, Crown Point, for appellant.

Ellen S. Podgor, David H. Nicholls, Crown Point, for appellee.

DeBRULER, Justice.

In February, 1980, appellee was tried to a jury on charges of performance of an unlawful abortion and attempted performance of an unlawful abortion. At the close of the State's evidence, the trial court granted appellee's motion for judgment on the evidence on the first count, but submitted the attempt count to the jury. The jury deadlocked, a mistrial was declared, and the jury was discharged on February 9, 1980. On February 13, 1980, the State filed a motion asking the court to set the case for retrial. A week later, appellee submitted a renewed motion for judgment on the evidence pursuant to Trial Rule 50 which was granted on April 11, 1980. The State appealed directly to this Court, and we reversed the trial court's judgment, holding that the granting of appellee's motion for judgment on the evidence was in error and that a retrial was not barred by the Double Jeopardy Clause. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110. The State made a motion in the trial court to set the cause for retrial. Appellee Lewis challenged this Court's ruling in the United States Supreme Court, and after certiorari was denied, 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331 (1982), the State renewed its motion to have the cause set for retrial. A March, 1983 trial date was set, and appellee was released on a recognizance bond. The State filed an amended indictment, which appellee moved to dismiss.

Following the denial of that motion, a long delay ensued due to the entry and consideration of amended and renewed motions to dismiss and to a series of continuances which were granted based on several changes of judges and of defense counsel and on appellee's ill health. In April of 1987, appellee filed a motion to reconsider his motion to dismiss. Judge Justice granted that motion and ordered appellee discharged on May 28, 1987, holding that, based on developments in the law subsequent to the 1981 *Lewis* decision, a retrial of this cause would violate the prohibition against double jeopardy. The State appeals, asserting that this Court's 1981 ruling, that a retrial of this cause would not constitute double jeopardy, is the law of the case, and that therefore the trial court erred in granting appellee's motion to dismiss the amended indictment and in ordering appellee discharged.

We affirm the decision of the trial court.

█ There is no question that under prevailing United States Supreme Court and Indiana Supreme Court doctrine, to retry appellee would constitute a violation of the Double Jeopardy Clause. In 1986, the United States Supreme Court eliminated confusion then existing in double jeopardy doctrine when it unanimously held that a ruling by a court "that as a matter of law the State's evidence is insufficient to establish [a defendant's] factual guilt.... is an acquittal under the Double Jeopardy Clause," *Smalis v. Pennsylvania*, 476 U.S. 140, 144, 106 S.Ct. 1745, 1748, 90 L.Ed.2d 116, 121 (1986), and that "subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Id.* at 145, 106 S.Ct. at 1749, 90 L.Ed.2d at 122 (citation omitted). In 1987, this Court likewise unanimously found that the grant of a judgment to a defendant by a trial judge constitutes an acquittal which bars retrial. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023, 1024, citing *Smalis*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116.

In the original proceedings on this cause, the trial court granted appellee's motion for judgment on the evidence after declaring a mistrial upon a deadlock and dismissing the jury. Its order stated:

> The court finds that there is insufficient credible evidence upon which reasonable minds might fairly conclude guilt beyond a reasonable doubt of the crime of Attempt to Perform an Illegal Abortion, and that judgment on the evidence should be rendered for the defendant.

This order effected an acquittal of appellee of the charge against him since "a judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause." *Smalis*, 476 U.S. at 142, 106 S.Ct. at 1747, 90 L.Ed.2d at 120, citing *Burks v. United States*, 437 U.S. 1,

98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). This remains true despite the fact that the order was not formally designated as an acquittal. The United States Supreme Court has "emphasized that what constitutes an 'acquittal' is not to be controlled by the form of the judge's action[, but by] whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Martin Linen*, 430 U.S. at 571, 97 S.Ct. at 1354–55, 51 L.Ed.2d at 651 (citations and footnote omitted).

Cases from both the United States Supreme Court and this Court further dictate that the subsequent finding that the judge's ruling was erroneous, *Lewis*, 429 N.E.2d at 1116–17, is irrelevant for the purposes of double jeopardy analysis. *Arizona v. Rumsey*, 467 U.S. 203, 211, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164, 172 (1984) ("[A]n acquittal on the merits bars retrial even if based on legal error."); *United States v. Scott*, 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 79 (1978) (quoting *id.* at 106, 98. S.Ct. at 2201, 57 L.Ed.2d at 84 (Brennan, J., dissenting)) ("[T]he fact that 'the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles' ... affects the accuracy of that determination but it does not alter its essential character."); *Goodrich*, 504 N.E.2d at 1024 ("The act of a trial judge in granting a judgment to the defendant, even when he errs in applying the law, acts as an acquittal and bars a second trial.").

The order issued by the original trial judge, albeit erroneous, was an acquittal which terminated appellee's jeopardy on the charge, and the constitutional prohibition against double jeopardy precludes the possibility of a second trial on that same charge.

■■■■ The State insists that under the doctrine of the law of the case, and despite otherwise controlling precedent, appellee must be denied the protection of the Double Jeopardy Clause and subjected to prosecution upon a charge of which he stands acquitted. The doctrine of the law of the case stands for the proposition that an appellate court's determination of a legal issue is binding in subsequent appeals given the same case and substantially the same facts, *Cha v. Warnick* (1985), Ind., 476 N.E.2d 109, 114, and is "based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750, 760–61 (1950) (citations omitted). Unlike its kindred rule of res judicata, however, it is not a uniform rule of law, but rather "only a discretionary rule of practice." *Id.* at 199, 70 S.Ct. at 545, 94 L.Ed. at 761.

In 1922, the United States Supreme Court stated that "there is a difference between [adherence to the law of the case] and *res judicata;* one directs discretion, the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." *Southern Ry. Co. v. Clift*, 260 U.S. 316, 319, 43 S.Ct. 126, 127, 67 L.Ed. 283, 284 (1922). More recently, that Court stated that

> the law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power.' *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152, 1156 (1912) (Holmes, J.) (citations omitted). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' *Arizona v. California*, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 1391 n. 8, 75 L.Ed.2d 318, 333 n. 8 (1983) (citation omitted).

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, ——, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811, 831 (1988). To retry appellee on a charge of which he was

acquitted eight years ago out of blind adherence to a discretionary rule of practice—even one accorded as much deference as this one—would work precisely the kind of manifest injustice of which the Court warned. Further, this case presents precisely the sort of extraordinary circumstance of which the Court speaks, wherein it is appropriate to disregard the law of the case in favor of the prevailing rule of law.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., dissents.