**Bruce J. ASHLEY, Sr., Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 46A03–9509–PC–316.**

Court of Appeals of Indiana.

Feb. 27, 1996.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

A jury convicted Bruce J. Ashley, Sr. ("Ashley") of attempted murder, a class A felony.[1] He subsequently filed a petition for post-conviction relief which was denied. On appeal, Ashley presents the sole issue of whether the post-conviction court erred in denying his petition.

We reverse and remand.

The facts most favorable to the judgment reveal that on January 23, 1991, a jury convicted Ashley of the attempted murder of his ex-wife. Ashley appealed his conviction alleging that the jury was not instructed that the State had to prove he had the specific intent to kill his ex-wife. This court affirmed the conviction in a memorandum decision. Ashley later filed a petition for post-conviction relief. The post-conviction court determined that it appeared that fundamental error did occur with respect to the jury instructions on specific intent. However, in denying Ashley's petition it held that it was "bound by the law of the case as enunciated in the Memorandum Decision of the Indiana Court of Appeals . . ." Record, p. 70–1.

▮▮▮▮ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

▮▮▮▮ It is true that the petition for post-conviction relief raises the same issue as Ashley's direct appeal. Ordinarily, a post-conviction relief proceeding is not to be used as a "super-appeal" to rehash issues already decided against a defendant. *Terry v. State*, 563 N.E.2d 1301, 1303 (Ind.Ct.App.1990). Once issues are determined on appeal, they become the "law of the case" and are binding in later appeals of the same case. *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind.1989). The reasoning behind this rule is " 'that when an issue is once litigated and decided, that should be the end of the matter.' " *Id.* (quoting *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950)). However, the law of the case "is not a uniform rule of law, but rather 'only a discretionary rule of practice.' " *Id.* (quoting *United States Smelting, supra*, at 199, 70 S.Ct. at 544–45).

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'

*Lewis, supra*, at 1118 (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (citation omitted)). More recently the Indiana Supreme Court has noted "[f]inality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter." *State v. Huffman*, 643 N.E.2d 899, 901 (Ind.1994), *reh. denied* (granting post-conviction relief after an erroneous decision which affirmed a murder conviction despite incorrect jury instructions concerning the defense of intoxication).

Ashley was convicted on January 23, 1991. Three months later, the Indiana Supreme Court issued its opinion in *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), which clarified the law regarding jury instructions on specific

---

1. Ind.Code § 35–41–5–1 (1988).

intent in attempted murder trials. In November 1993, the Court of Appeals affirmed Ashley's conviction. It held that *Spradlin* was not retroactive and applied the prior case law to Ashley's case. One year later, the Indiana Supreme Court held that *Spradlin* was to be applied retroactively because it was not a new rule, but only a clarification. *Simmons v. State,* 642 N.E.2d 511, 513 (Ind. 1994), *reh. denied.* Ashley then filed this petition for post-conviction relief.

■■■ The post-conviction court found that the instructions given at Ashley's trial did not comply with the requirements of *Spradlin, supra,* and *Parks v. State,* 646 N.E.2d 985 (Ind.Ct.App.1995), *trans. denied,* and resulted in fundamental error.[2] A jury must be instructed that in order to convict a defendant of attempted murder "the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing." *Spradlin, supra,* at 950. The instructions at Ashley's trial are substantially the same as the instructions in *King v. State,* 517 N.E.2d 383 (Ind.1988). In both cases, the instructions recited relevant portions of the charging instrument, the murder statute and the attempt statute. "[I]mplicit within the instruction is the element that [the defendant] intended to kill [the victim]." *Id.* at 385. However, that is not sufficient. *Simmons, supra,* at 513. Failure to explicitly "inform the jury that the defendant must have intended to kill the

victim" results in fundamental error. *Greer v. State,* 643 N.E.2d 324, 326 (Ind.1994).

■■■ Fundamental error is error that if not corrected would deny the defendant due process. *Ward v. State,* 519 N.E.2d 561, 562 (Ind.1988). The original appellate opinion is clearly erroneous in light of *Simmons, supra,* and denying Ashley due process would result in manifest injustice.[3] We shall follow the example of the Indiana Supreme Court in *Huffman, supra,* and choose fairness over finality. The post-conviction court correctly determined that fundamental error occurred in Ashley's trial. Thus, the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to the post-conviction court's denial of Ashley's petition. Therefore we reverse the post-conviction trial court, grant Ashley's petition for post-conviction relief, and remand for a new trial.

Reversed and remanded.

KIRSCH, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent. In *State v. Lewis,* 543 N.E.2d 1116 (Ind.1989) (Pivarnik, J., dissenting) our supreme court determined that the doctrine of the law of the case (unlike res judicata) did not present a question of the power of the reviewing court. Rather it is a doctrine to control the discretion of the reviewing court because the court has the power to reopen what it has decided. The court

---

2. The jury at Ashley's trial was instructed as follows:

[The charging] information, omitting formal parts, reads as follows:
Bruce J. Ashley ... knowingly or intentionally did attempt to commit the crime of Murder by placing and firing a gun into the left side of Barbara Ashley's head ... which conduct constituted a substantial step towards the commission of said crime of Murder ...

*     *     *     *     *     *

The statute defining the offense of Attempted Murder, Class A felony which was in force at the time of the offense charged reads (in part) as follows: (H.I.)
35–41–5–1 Attempt.
(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in con-

duct that constitutes a substantial step toward commission of the crime.

*     *     *     *     *     *

Murder is defined as follows:
A person who knowingly or intentionally kills another human being commits murder, a felony.

*     *     *     *     *     *

The element of intent required for an attempted murder conviction may be inferred from the natural and probable consequences of defendant's acts.
Trial Record, pp. 26–30.

3. The State argues that manifest injustice would not result because there was sufficient evidence of Ashley's intent presented at trial. However, that determination should be made by a properly instructed jury.

quoted with approval from *Christianson v. Colt Industries Corp.,* 486 U.S. 800, 816–18, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811, 831 (1988) where the court stated that courts should be loathe to revisit a case in the absence of extraordinary circumstances such as where the original decision was "clearly erroneous and would work a manifest injustice."

As cited by the majority, our supreme court again applied this rule in *State v. Huffman,* 643 N.E.2d 899 (Ind.1994) (Shepard, C.J., dissenting).

It is my view that such extraordinary departures from regular well-established practice in our system of jurisprudence must take cognizance of and be sensitive to the totality of circumstances in which they appear. Indeed, cases involving the doctrine of fundamental error, another extraordinary departure, should be so scrutinized.[4]

In *Lewis* the defendant was subjected to a second jeopardy for an offense on which he had originally secured judgment on the evidence. The trial court sustained his motion to dismiss and the supreme court refused to apply the law of the case doctrine to permit the state to try Lewis again for the offense.

The court again applied the exception in *Huffman,* a death penalty case involving numerous assigned errors. The court affirmed the convictions and death sentence on appeal despite the fact that the instruction given by the court on Huffman's defense of intoxication placed the burden of proving the defense upon Huffman. This was clearly erroneous and on post-conviction relief the trial court found that intoxication was the primary defense at trial and the state was unable to demonstrate that the error did not affect the result. 643 N.E.2d at 900.

That is not the situation before us now. I agree that the court's instruction on the elements of attempted murder failed to adequately state the element of specific intent to kill necessary to the offense. *See Spradlin v. State,* 569 N.E.2d 948 (Ind.1991), and its progeny. When, however, this error is

placed in the context of the circumstances, it seems clear to me that no manifest injustice has occurred.

The information charging Ashley alleged that he attempted to murder his former wife "by placing and firing a gun into the left side of Barbara Ashley's head which caused a bullet to enter into the front part of Barbara's head and exit towards the back part of her head." The evidence at trial demonstrated that this was what had occurred. As stated in our decision on direct appeal, the evidence revealed that ". . . [Ashley] armed with a handgun, broke into the house and waited for Barbara to return. When Barbara entered the house the following morning [Ashley] confronted her. The two began to argue and [Ashley] threatened to kill her. He then pushed Barbara onto a couch, held a gun to her head, and fired. Miraculously, Barbara maintained consciousness and pleaded with [Ashley] to take her to the hospital. At first, he refused and talked of "finishing her off."

In these circumstances it would be ludicrous to argue that Ashley lacked the specific intent to commit murder. He therefore neither could nor did suffer any harm from the faulty instruction. Furthermore, at the time Ashley was tried and the instruction was given, it was not clearly erroneous. Accordingly, I find no reason to depart from applying the law of the case to Ashley's appeal.

I would affirm the denial of post-conviction relief.

---

**4.** A few of our decisions speak of harmless fundamental error. That is such an apparent contradiction in terms that it might be more helpful to consider that upon the basis of the circumstances present, the error did not qualify as fundamental—even though under other circumstances it might be found so.