**Bruce J. ASHLEY, Sr., Appellant-Petitioner,**

v.

**STATE of Indiana, Appellee-Respondent.**

No. 46A03–9509–PC–316.

Court of Appeals of Indiana.

June 21, 1996.

Transfer Denied Aug. 19, 1996.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

**OPINION ON REHEARING**

STATON, Judge.

The State of Indiana has petitioned for rehearing of our decision reported in *Ashley v. State*, 661 N.E.2d 889 (Ind.Ct.App.1996). In light of the Indiana Supreme Court's recent decision in *Arthur v. State*, 663 N.E.2d 529 (Ind.1996), we grant the State's petition and affirm the post-conviction court's denial of Ashley's petition for post-conviction relief.

In our original opinion we determined that the court erred in Ashley's direct appeal by not applying the rule announced in *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), to the instructions at his trial. We do not alter that conclusion. However, we do revise our determination that the error resulted in manifest injustice. In *Arthur*, the Indiana Supreme Court applied the doctrine of res judicata to a similar factual situation. It agreed that a court can correct an earlier decision despite claims of res judicata. *Arthur, supra,* at 531. However, because finality is an important goal, a court should only revisit a prior decision under extraordinary circumstances. *Id.* (citing *State v. Lewis,* 543 N.E.2d 1116, 1118 (Ind.1989)). Such cir-

cumstances occur when the decision was " 'clearly erroneous and would work manifest injustice.' " *Id.* (quoting *Lewis, supra*). In refusing to revisit the decision concerning the instruction on intent, the Indiana Supreme Court concluded that fairness was not sacrificed to finality when there was sufficient evidence of the intent to kill. *Id.*

There was overwhelming evidence presented at Ashley's trial concerning his intent to kill his ex-wife, Barbara. He broke into her house while she was gone and waited for her to return. When she did, he threatened to kill her, placed a gun against her head, and shot her. Barbara survived and attempted to persuade Ashley to take her to the hospital. He refused and spoke of "finishing her off." The evidence is sufficient to support a finding of intent to kill. Thus, we conclude that the erroneous decision approving the jury instruction did not result in manifest injustice. The doctrine of res judicata precludes Ashley from relitigating the issue of the intent instructions in his motion for post-conviction relief.

The judgment of the post-conviction court is affirmed and our decision heretofore issued is hereby vacated and set aside.

GARRARD and KIRSCH, JJ., concur.