Richard ANNES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S04–0303–PC–100.

Supreme Court of Indiana.

June 10, 2003.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Richard Annes has contended in this post-conviction case that he is entitled to re-litigate a claim already decided against him in a previous proceeding be-

cause previous judgments are not res judicata unless they were rendered by an appellate court. He is wrong. Trial court judgments are entitled to equal force.

Annes pled guilty to a drug offense in 1972 and received probation. About a decade later, after being adjudicated an habitual offender, he set about trying to vacate the previous convictions. During a post-conviction proceeding in 2000, he argued that his 1972 plea was not voluntary and intelligent because the court had not advised him of all his *Boykin* rights. His petition was denied, and he did not appeal.

■ In 2001, Annes filed a successive petition for post-conviction relief, asserting the same claim that he had raised during the case of the previous year. The trial court denied the petition, and Annes appealed. The State continued to argue the defenses of res judicata and laches. The Court of Appeals held that res judicata did not apply because the issue litigated earlier "has never been considered by an appellate court." *Annes v. State,* 767 N.E.2d 1051 (Ind.Ct.App.2002). It also observed that it thought Annes had received ineffective assistance of counsel during the first post-conviction proceeding, though Annes had not made such a claim.[1] · We grant transfer.

■ First, the "doctrine of res judicata bars later suit when earlier suit resulted in final judgment on merits, was based on proper jurisdiction, and involved the same cause of action and same parties or privies as the later suit." *Indiana Dept. of Environmental Management v. Conard,* 614 N.E.2d 916, 923 (Ind.1993). That the trial court's judgment was not appealed is of no moment.

Second, inasmuch as Annes did not plead or argue ineffective assistance of his earlier post-conviction counsel, the issue was not before the trial court or the Court of Appeals in the present case, and thus the State did not have the chance to argue its position before the Court of Appeals ruled.

■ The real question in this case is whether Annes has established any recognized grounds for avoiding res judicata. The bar of res judicata may sometimes give way when the initial decision was "clearly erroneous and would work manifest injustice." *State v. Lewis,* 543 N.E.2d 1116, 1118 (Ind.1989).[2]

■ Whether the judgment of the original post-conviction court was erroneous or not, we are not persuaded that the outcome is manifestly unjust. When Annes stood charged with both possession and sale of LSD in 1972, his lawyer and the prosecution worked out a rather favorable plea agreement. The State agreed to dismiss the more serious charge of sale, and Annes agreed to plead guilty to possession. The State also agreed that Annes could undergo treatment rather than suffer a conviction and sentencing. Seven weeks later, Annes asked the court to be sentenced instead. The resulting sentence was itself relatively modest: one to ten years, suspended to two years probation. It was only after Annes violated the terms of his probation a few months later that

---

1. The standard applicable to lawyering in post-conviction proceedings is not the familiar *Strickland* rule. *See Baum v. State,* 533 N.E.2d 1200 (Ind.1989) ("We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))."

2. This formulation had its origin in *Arizona v. California,* 460 U.S. 605, 618, n. 18, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983).

the trial court revoked his probation and ordered him to serve an executed sentence.

To prevail against the State's defense of res judicata, Annes must establish that it is "manifestly unjust" not to re-open a thirty-year-old conviction from a proceeding in which the prosecutor and the court afforded him multiple opportunities to avoid conviction and punishment. We conclude that he has not met the standard.

Accordingly, we affirm the post-conviction court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.