## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2015, 5:50 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Robert J. Maxie
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert J. Maxie,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

December 9, 2015

Court of Appeals Case No.
71A04-1412-CR-580

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D04-9512-CF-571

**Brown, Judge.**

[1] Robert J. Maxie, *pro se*, appeals the trial court's denial of his motion to correct erroneous sentence. Maxie raises one issue which we revise and restate as whether the trial court erred in denying his motion. We affirm.

### Facts and Procedural History

[2] On December 5, 1995, the State charged Maxie with burglary as a class B felony and being an habitual offender. In January 1996, the State also charged Maxie with residential entry as a class D felony. In January 1997, the trial court sentenced Maxie as follows:

> Upon Count I, Burglary, the Court imposes a sentence of 12 years to the Department of Corrections. On Count II, Residential Entry, the Court will impose a sentence of 2 years to the Department of Corrections to run concurrent to Count I. On Count III, the Habitual Offender, the Court will impose a sentence of 20 years to the Department of Corrections, to be consecutive to the burglary and residential entry, and consecutive to 94CF547. The total effective sentence is 32 years.

Appellant's Appendix at 13.

[3] On direct appeal, Maxie argued that the trial court erred in instructing the jury, and this court affirmed. *Maxie v. State*, No. 71A03-9705-CR-171, slip op. at 2 (Ind. Ct. App. February 19, 1998). In February 2007, Maxie filed an amended petition for post-conviction relief, and the post-conviction court denied his petition in July 2008. On appeal, this court affirmed the post-conviction court's denial of Maxie's petition. *Maxie v. State*, No. 71A05-0809-PC-560, slip op. at 2 (Ind. Ct. App. May 20, 2009), *trans. denied*.

[4]     On December 22, 2009, Maxie filed a Motion to Amend Erroneous Sentence.[1] On January 25, 2010, the trial court denied Maxie's motion. Maxie did not appeal the court's order.

[5]     On August 13, 2014, Maxie, *pro se*, filed a motion to correct erroneous sentence arguing that his sentence was erroneous because the trial court erred "in exceeding its legislative authorization when it imposed **Consecutive Habitual-Offender** sentence enhancements at a single criminal trial." Appellant's Appendix at 21. In a memorandum attached to his motion, Maxie argued that the trial court improperly sentenced him "for the habitual offender Count III to run 'Consecutively' to . . . Count I, Burglary and Count II, Residential Entry . . . ." *Id.* at 24. He alleged that "to correct this matter the court would have to resentence [him] and order that the habitual-offender enhancement in this Cause No. 71d04-9512-CF-00571 be served 'Concurrent' to . . . count I and II." *Id.* at 25. He also asserted that he has completely served his maximum fixed term sentence on Counts I and II, and that after parole revocation he was returned back to prison to serve out the remainder of his sentence for the habitual offender status "which at this moment is standing <u>alone</u> and can not be attached to a sentence that has been <u>fully</u> <u>severed</u> [sic], because the <u>Court</u> lack [sic] <u>jurisdiction</u>." *Id.* at 26. He also asked that the court vacate his sentence on

---

[1] The record does not contain a copy of this motion.

the habitual offender status. On October 23, 2014, the State filed a response to Maxie's motion.

[6] On November 25, 2014, the court entered an order which stated: "The Court having reviewed Defendant[']s Motion and finding it alleges same claim as earlier raised by Defendant in December, 2009 and ruled upon by Court on January 25, 2010, Defendant's Motion is denied." Appellant's Brief at 31.

## *Discussion*

[7] The issue is whether the trial court erred in denying Maxie's motion to correct erroneous sentence. Maxie appears to argue that the trial court failed to specify the underlying felony to which the habitual offender enhancement applied and that the court erred when it found that the same claim was addressed earlier because it did not specify what issues he had raised in December 2009. He asserts that he did not appeal any motion to correct erroneous sentence and the doctrine of *res judicata* could not apply, and that he should have been paroled in 2002 after completing his twelve-year sentence instead of serving time on the twenty-year habitual offender enhancement. He discusses his credit time classification and the actions of the Sheriff, states that the Department of Correction ("DOC") should have certified his discharge papers for residential entry to the clerk of the committing trial court, that he is being forced to serve time beyond the statutory limit, and that the Reception Diagnostic Center lacked the subject matter jurisdiction and personal jurisdiction for his commitment to the custody of the DOC.

[8] The State argues that the trial court properly denied Maxie's motion based upon *res judicata* and that Maxie has not provided a record showing that the ruling was erroneous. The State contends that his complaint about his sentence does not afford him any relief as the only remedy would be an amendment to the abstract of judgment and not a change in the amount of time that he must serve on the sentence. It states "given that the court imposed a 20-year enhancement for the habitual adjudication, it was always clear that the enhancement was intended to be attached to the burglary conviction, as the court could not have imposed a 20-year enhancement had the court intended it to be attached to the class D felony conviction." Appellee's Brief at 9-10. The State also asserts that to the extent Maxie discusses matters relating to his release on parole and the authority of the parole authorities to subsequently re-incarcerate him on this sentence after he violated parole, these are not matters that could be litigated through a motion to correct erroneous sentence as they require resort to matters beyond the judgment of conviction.

[9] Generally, we review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[10] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[11] In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.*

[12] With respect to the arguments regarding *res judicata*, the doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute.

*State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000), *reh'g denied*, *cert. denied*, 532 U.S. 1067, 121 S. Ct. 2220 (2001).

> Res judicata dictates that "a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand." *Gill v. Pollert*, 810 N.E.2d 1050, 1057 (Ind. 2004) (quoting *Sullivan v. American Cas. Co.*, 605 N.E.2d 134, 137 (Ind. 1992)). It "prevents the repetitious litigation of that which is essentially the same dispute." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000) (citations omitted).

*Smith v. State*, 825 N.E.2d 783, 789 (Ind. 2005). An individual cannot escape the effect of *res judicata* merely by using different language to phrase an issue and define an alleged error. *Holmes*, 728 N.E.2d at 168. A final trial court judgment is "entitled to equal force" when determining whether the doctrine of *res judicata* applies. *Annes v. State*, 789 N.E.2d 953, 954 (Ind. 2003). "The bar of res judicata may sometimes give way when the initial decision was 'clearly erroneous and would work manifest injustice.'" *Id.* (quoting *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989)).

[13] The court denied Maxie's December 22, 2009 Motion to Amend Erroneous Sentence on January 25, 2010, and specifically stated:

> The Court having reviewed the Motion, Response, finds trial Court did not err in sentencing Defendant to twelve years for his conviction for Burglary, a Class B felony, and concurrently to two years for residential entry, and having enhanced the sentence by twenty years for a total thirty-two year sentence. Court now denies said motion.

Appellant's Appendix at 16. The record does not contain a copy of Maxie's December 22, 2009 Motion to Amend Erroneous Sentence. As the appellant, Maxie bears the burden of presenting a record that is complete with respect to the issues raised on appeal. *See Ford v. State*, 704 N.E.2d 457, 461 (Ind. 1998), *reh'g denied*. While the fact that Maxie did not include the December 22, 2009 motion in his appendix does not result in waiver,[2] he nevertheless fails to assert on appeal that the allegations he raised in his December 2009 motion are not the same allegations he raised in his 2014 motion. Rather, he merely claims without citation to authority that the trial court improperly failed to state what issues he had raised in December 2009. Maxie does not argue that the application of *res judicata* would result in manifest injustice, and we cannot say that he has developed a cogent argument demonstrating that the trial court abused its discretion.

[14] To the extent Maxie suggests that he should not serve the habitual offender enhancement because it was not properly attached to an underlying offense, we observe that generally the proper remedy for failing to attach an habitual offender enhancement is to remand to the trial court to correct the sentence by assigning the habitual offender enhancement. *See McIntire v. State*, 717 N.E.2d 96, 102 (Ind. 1999) (holding that trial courts must impose the habitual offender enhancement upon only one of the convictions and must specify the conviction

---

[2] Ind. Appellate Rule 49(B) provides that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument."

to be so enhanced and remanding to the trial court to correct the sentence specifically by assigning the habitual offender enhancement). Here, the twenty-year enhancement could have been added to only Maxie's conviction for the B felony.[3] Any remand would not reduce Maxie's aggregate sentence, and there is no manifest injustice under these circumstances.

With respect to Maxie's arguments that he should have been paroled in 2002, and that the Reception Diagnostic Center lacked jurisdiction, and his discussion regarding credit time classification and the actions of the Sheriff, he has not developed a cogent argument, and any resolution of these issues would require consideration of factors outside of the face of the judgment. To address these claims would require a consideration of proceedings before, during, or after his sentencing. Thus, these arguments are not properly presented by way of a motion to correct erroneous sentence. We cannot say that the trial court abused its discretion by denying his motion on these bases. *See Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to

---

[3] At the time of the sentencing, Ind. Code § 35-50-2-8(e) provided that the court "shall sentence a person found to be a habitual criminal to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Accordingly, the permissible habitual offender enhancement for a class B felony is from ten to thirty years based upon the then presumptive ten-year sentence for a class B felony. *See* Ind. Code § 35-50-2-5 (1997). The permissible habitual offender enhancement for a class D felony is from one and one-half to four and one-half years based upon the presumptive one-and-one-half-year sentence for a class D felony. *See* Ind. Code § 35-50-2-7 (1997). Thus, the twenty-year enhancement could have been added to only Maxie's conviction for the B felony.

correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment).

## *Conclusion*

[16] For the foregoing reasons, we affirm the denial of Maxie's motion to correct erroneous sentence.

[17] Affirmed.

Kirsch, J., and Mathias, J., concur.