# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 30 2018, 6:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| G.K.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner* | May 30, 2018<br><br>Court of Appeals Case No.<br>49A02-1711-JV-2540<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marilyn A. Moores, Judge<br><br>The Honorable Geoffrey A. Gaither, Magistrate<br><br>Trial Court Cause No.<br>49D09-1706-JD-795 |

**Crone, Judge.**

## Case Summary

[1] G.K. appeals true findings for conduct constituting level 6 felony receiving stolen auto parts and level 6 felony theft if committed by an adult. He argues that these true findings violate his federal and state constitutional protections against double jeopardy because he had been previously acquitted of these counts. We agree, and therefore we vacate the true findings and remand for resentencing.

## Facts and Procedural History

[2] On June 9, 2017, the State filed, and the trial court subsequently approved, a delinquency petition, alleging that on or about June 8, 2017, G.K. committed acts that would constitute the following offenses if committed by an adult: Count 1, level 6 felony receiving stolen auto parts by knowingly or intentionally receiving John Schott's motor vehicle, which had been the subject of theft; Count 2, level 6 felony theft by knowingly or intentionally exerting unauthorized control over Schott's vehicle safety seats; and Count 3, class A misdemeanor criminal trespass by knowingly or intentionally interfering with the possession or use of Schott's property without his consent.

[3] On the morning of August 17, 2017, Magistrate Gaither presided over a denial hearing for G.K. and two other juveniles, D.W. and N.M., who faced the same three delinquency allegations. After the presentation of evidence, Magistrate Gaither ruled as follows:

> [A]s to [G.K.], I'm gonna enter a true finding as to the sole count of criminal trespass. [A]s to [D.W.], I'm going to enter a true finding as to receiving stolen auto parts, theft, and criminal trespass. [A]s to [N.M.] true finding as to receiving stolen auto parts, theft, and criminal trespass.

Tr. Vol. 2 at 33. When the trial court asked the State whether there was anything else, the deputy prosecutor answered, "No, Your Honor." *Id*. at 34.

[4] That afternoon, the trial court issued two orders. One order, the "Order on Fact Finding Hearing," designated "Not True" findings for Counts 1 and 2 and a "True" finding for Count 3. Appellant's App. Vol. 2 at 61. Consistent with this order, an entry in the chronological case summary ("CCS") provides, "3 – Criminal Trespass (I.C. 35-43-2-2(b)(4)), a Class A Misdemeanor, Petition 170608040 Found True by Trial." *Id*. at 11. The other order issued by the trial court was the "Clarification Order on Fact Finding" ("Clarification Order"), which provided, "The Court orders this matter scheduled for ruling hearing as to fact finding to clarify the court's order on true findings of Counts 1 and 2." *Id*. at 59. Both orders were recommended and signed by Magistrate Gaither and approved, ordered, and signed by the judge pro tem who was sitting for the presiding trial court judge. *Id*. at 59, 61. Also, both orders were recorded in the CCS. *Id*. at 11. While the record is not clear as to the sequence of the execution of the two orders, the only logical conclusion is that the Order on Fact Finding Hearing was entered before the Clarification Order. This is because it is logically inconceivable to set a hearing to clarify an order that has

not been entered. In other words, if the acquittals had never been entered, a clarification hearing would not have been necessary.

[5] On August 24, 2017, Magistrate Gaither held the ruling hearing, which he began by announcing, "Ruling on a hearing. Oh yeah. [T]his was my error." Supp. Tr. Vol. 2 at 4. He then made the following statement:

> We were here on that fact-finding, and at the conclusion, I found [G.K.] true of a trespass only. I did not have the entirety of the petition, of all the charges in the petition, and I misread the petition that I had in front of me. [I]t was my intent to show true of all the charges that had been filed–I'm trying to find that now. Here it is. Yeah, I found him true of the misdemeanor of criminal trespass, and I omitted findings for count 1, receiving stolen auto parts, a level six felony, and count 2, theft, as a level six felony as well. [A]t this time, I'm entering true findings as to count[s] one and two, which I omitted the finding[s] at the conclusion of the hearing. So, we have a disposition date set already, and I know that there's a meeting date set for [G.K.'s mother] to meet with his probation officer. Now I just really wanted to correct the record cause I discovered my error after you left, and I apologize for the inconvenience it has cause[d] you to come back and take more time off, but I just wanted to make sure that I was in order in this. [C]ounsel, do you have anything else?

*Id.*[1] G.K.'s counsel objected to the true findings, arguing that the court was reversing "not true" findings. *Id*. at 5. Magistrate Gaither responded, "[I] did not have the charging information in front of me, and I had one that was on a different date, and I just misread the date. And so, it appears that it was

---

[1] When quoting from the transcript, we have omitted all vocal hesitations.

another charging information for [G.K.] on a sole count of trespass." *Id*.
G.K.'s counsel noted that a not true finding on that count had been entered a
few weeks prior. Magistrate Gaither then continued,

> I had the old one in front of me, except for the one that would
> relate it to [this] matter, so I–it wasn't that I found him not true
> of the other charges, I didn't have them in front of me. That's
> probably the downside of not having files, everything on the
> chronology, so that's not entirely accurate that I'm reversing. I
> made no finding to the other two charges. I didn't have 'em
> physically in front of me, so I mean, that was an omission, I
> think, but not an error. [S]urely–I guess, having–given it to do all
> over again, I would have done it differently, I'm sure.

*Id*. at 5-6.

[6] On October 5, 2017, the trial court issued a dispositional order designating true
findings for all three counts, imposing a suspended commitment to the
Department of Correction, placing G.K. on probation with forty hours of
community service. This appeal ensued.

## Discussion and Decision

[7] G.K. argues that the true findings on Counts 1 and 2 violate the protections
against double jeopardy in the Fifth Amendment to the United States
Constitution and Article 1, Section 14 of the Indiana Constitution. "Both the
United States and Indiana constitutions prohibit a second prosecution for the
same offense after an acquittal, a second prosecution for the same offense after

a conviction, and multiple punishments for the same offense." *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind. Ct. App. 2001), *trans. denied*. "[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.'" *Evans v. Michigan*, 568 U.S. 313, 318 (2013) (quoting *Fong Foo v. United States*, 369 U.S. 141, 143 (1962)). Whether the true findings on Counts 1 and 2 violate double jeopardy principles is a question of law, which we review de novo. *Grabarczyk v. State*, 772 N.E.2d 428, 432 (Ind. Ct. App. 2002).

[8] According to G.K., he was acquitted of Counts 1 and 2 at the denial hearing as reflected in the Order on Fact Finding Hearing, and it is of no moment that the acquittal was erroneous. The State "does not disagree that if an accused has been acquitted, that verdict is final and he cannot thereafter be convicted of that offense, even if the acquittal is legally erroneous." Appellee's Br. at 8. However, the State asserts that the trial court did not acquit G.K. of Counts 1 and 2 because it was silent as to those counts when it pronounced its ruling on criminal trespass. The State further contends that the entry of "Not True" findings on the Order on Fact Finding Hearing does not reflect what happened at the denial hearing; the State argues that this constitutes "a clear clerical error," which is not what "the caselaw means by an 'erroneous' acquittal," and that the order should have no preclusive effect. *Id.* at 10-11.

[9] The threshold question is whether G.K. was acquitted of Counts 1 and 2. After the evidence was presented at the denial hearing, the court ruled that it would enter a "true finding as to the sole count of criminal trespass." Tr. Vol. 2 at 33.

When the court addressed G.K.'s co-respondents, it found true findings for "receiving stolen auto parts, theft, and criminal trespass." *Id*. The clear implication of the court's ruling as to G.K. was that it was entering not true findings for receiving stolen auto parts and theft. Even if there was any ambiguity in the court's ruling, it was resolved by the issuance of the Order on Fact Finding Hearing, which designated "Not True" findings for Counts 1 and 2. Appellant's App. Vol. 2 at 61. That order was recommended and signed by Magistrate Gaither, and it was approved, ordered, and signed by the judge pro tem. Thus, contrary to the State's assertion, the "Not True" findings for Counts 1 and 2 entered in the Order on Fact Finding Hearing cannot reasonably be described as scrivener's or clerical errors.

[10] An error did indeed occur here, but it was not a clerical error. At the August 24, 2017 ruling hearing, Magistrate Gaither explained that he made an error by looking at the wrong delinquency petition. The United States Supreme Court opinion in *Evans* indicates that an erroneous acquittal is precisely what occurred here.

[11] There, the State of Michigan charged Evans with arson. At his trial, the trial court granted his motion for directed verdict based on its conclusion that the State failed to prove an element of arson which was *not* actually an element of arson. The State of Michigan argued that the acquittal should not be an acquittal for double jeopardy purposes because the trial court found Evans innocent solely based on the lack of evidence on something that was not an element on the offense and failed to consider the adequacy of evidence on even

one actual element of arson.  In considering whether the erroneous acquittal

was an acquittal for double jeopardy purposes, the Supreme Court explained:

> [A]n acquittal precludes retrial even if it is premised upon an erroneous decision to exclude evidence, a mistaken understanding of what evidence would suffice to sustain a conviction, or a misconstruction of the statute defining the requirements to convict.  In all these circumstances, the fact that the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles affects the accuracy of that determination, but it does not alter its essential character.

> Most relevant here, our cases have defined an acquittal to encompass *any ruling* that the prosecution's proof is insufficient to establish criminal liability for an offense.  Thus an "acquittal" includes a ruling by the court that the evidence is insufficient to convict, a factual finding [that] necessarily establishes the criminal defendant's lack of criminal culpability, and *any other ruling which relates to the ultimate question of guilt or innocence*.  These sorts of substantive rulings stand apart from procedural rulings that may also terminate a case midtrial, which we generally refer to as dismissals or mistrials.  Procedural dismissals include rulings on questions that are unrelated to factual guilt or innocence, but which serve other purposes, including a legal judgment that a defendant, although criminally culpable, may not be punished because of some problem like an error with the indictment.

568 U.S. 313 at 318-20 (citations, quotation marks, and brackets omitted)

(emphases added).  Turning to the circumstances in Evans's case, the Supreme

Court held that "[t]he trial court's judgment of acquittal resolved the question of

Evans' guilt or innocence as a matter of the sufficiency of the evidence, not on

unrelated procedural grounds. That judgment, 'however erroneous' it was, precludes reprosecution on this charge." *Id*. at 324.

[12] Here, the effect of the trial court's ruling at the denial hearing and the Order on Fact Finding Hearing was to establish that G.K. was not culpable of Counts 1 and 2. We conclude that G.K. was acquitted of Counts 1 and 2, and therefore the subsequent entry of true findings for those counts violates double jeopardy principles. *See id*.; *see also State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989) (trial court's erroneous grant of Lewis's motion for judgment on the evidence after declaring mistrial upon deadlock and dismissal of the jury was nevertheless an acquittal which terminated Lewis's jeopardy on the charge); *State v. Taylor*, 863 N.E.2d 917, 920-21 (Ind. Ct. App. 2007) (although trial court erroneously acted as thirteenth juror in granting Taylor's motion for a judgment on the evidence, "the erroneous entry of acquittal by the trial court acts as an acquittal for double jeopardy purposes"); *State v. Casada*, 825 N.E.2d 936, 940 (Ind. Ct. App. 2005) ("Despite the erroneous judgment on the evidence for Casada, he cannot be retried because an erroneous entry of acquittal by the trial court acts as an acquittal for double jeopardy purposes"). Accordingly, we vacate the true findings for those counts and remand for resentencing.

[13] Vacated and remanded.

Bailey, J., and Brown, J., concur.