FILED

Apr 30 2019, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carlos Robles Baca,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 30, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2756<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-1802-F1-5391 |

**Najam, Judge.**

## Statement of the Case

[1]     Carlos Robles Baca appeals his conviction for child molesting, as a Class C felony, following a jury trial. Baca presents a single issue for our review, namely, whether the trial court erred when, after it had entered a directed

verdict for Baca on two counts, the court then permitted the State to amend one of those counts. Baca maintains that his subsequent conviction on the amended count violates the protections against double jeopardy under the Fifth Amendment to the United States Constitution and Article 1, Section 14 of the Indiana Constitution.

We reverse.

## Facts and Procedural History

In 2009 or 2010, when J.P. was approximately five years old, J.P. was in the kitchen of her home with Baca, who was a friend of J.P.'s father. Baca pulled down J.P.'s pants and touched her vagina with his hands. Baca then gave J.P. some money, but he did not say anything to her.

Several years later, in late 2017 or early 2018, Baca drove J.P. and her younger brother to a park. J.P.'s brother was playing while J.P. and Baca sat in the car. Baca told J.P. to get in the back seat, and he followed her there. Once they were both sitting in the back seat, Baca pulled down J.P.'s pants and touched her vagina with his hands. Baca's phone rang, and he stopped. Baca then drove J.P. and her brother home.

Sometime after that, J.P. told two friends about these incidents, and J.P. and the two friends told a school counselor. The counselor called J.P.'s parents, the Department of Child Services, and law enforcement.

[6]     The State charged Baca with three counts of child molesting, one as a Level 1 felony (2017-2018) ("Count I"), one as a Class A felony (2009-2010) ("Count II"), and one as a Level 4 felony (2017-2018) ("Count III"). As relevant here, Count I alleged that Baca had "perform[ed] or submit[tted] to other sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5," which includes "the penetration of the sex organ . . . of a person by an object," with J.P. Appellant's App. Vol. 2 at 18. And Count II alleged that Baca "did perform or submit to deviate sexual conduct" with J.P. *Id.* At the time of the alleged offense, "deviate sexual conduct" included "the penetration of the sex organ . . . of a person by an object." Ind. Code § 35-41-1-9 (2009).

[7]     The trial court conducted a jury trial on September 24 and 25, 2018. After the State concluded its case-in-chief, Baca moved for a directed verdict with respect to Counts I and II. In particular, Baca argued that the State had presented insufficient evidence to prove the penetration elements in both counts. The trial court agreed and granted Baca's motion. The State then moved to amend Count II to charge child molesting, as a Class C felony,[1] and the trial court permitted the amendment over Baca's objection. The jury found Baca guilty on the amended Count II and on Count III. The trial court entered judgment of conviction and sentence accordingly. This appeal ensued.

---

[1] At the time of the alleged offense in late 2009 or early 2010, Indiana Code Section 35-42-4-3 provided in relevant part that person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

# Discussion and Decision

[8] Baca contends that the trial court erred when it permitted the State to amend Count II after the court had granted Baca's Trial Rule 50 motion for a directed verdict on that count. In particular, Baca maintains that his conviction on Count II violates the protections against double jeopardy under the Fifth Amendment to the United States Constitution and Article 1, Section 14 of the Indiana Constitution. "'Both the United States and Indiana constitutions prohibit a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense.'" *G.K. v. State*, 104 N.E.3d 598, 600 (Ind. Ct. App. 2018) (quoting *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind. Ct. App. 2001), *trans. denied*). "[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.'" *Evans v. Michigan*, 568 U.S. 313, 318 (2013) (quoting *Fong Foo v. United States*, 369 U.S. 141, 143 (1962)). Whether Baca's conviction on the amended Count II violates double jeopardy principles is a question of law, which we review *de novo*. *G.K.*, 104 N.E.3d at 600.

[9] At the close of the State's case-in-chief, Baca moved for a directed verdict under Trial Rule 50, and this colloquy ensued:

> Defense Counsel: Thank you, Judge. Judge, in this case my client was charged with three counts—two of which require the State to prove penetration[,] so Count 1 as a level 1 felony child molest requires . . . other sexual conduct and Count 2, deviate sexual conduct[,] which we know now means essentially the

same thing which requires penetration of a sexual organ. At this time there's been no substantive evidence that there's been any type of penetration. The only . . . substantive testimony that we had during this trial was that [J.P.] was touched on the outside of her vagina which does not . . . get the State into penetration so at this time we are asking that . . . Counts 1 and 2 be dismissed on a [Trial Rule] 50(A) motion. . . .

Court: Okay, State?

State: Judge, I think that . . . the case law on directed verdict is a—it's just a mere scintilla of evidence that needs to be presented and I think that [J.B.]'s testimony [showed that there was] penetration for purposes of the law. . . .

\* \* \*

Court: . . . Okay. *I'm granting defense motion for directed verdict as to Counts 1 and 2.* We'll proceed on Count 3 and Count 3 only as a level 4 so . . . that translates to time [sic] . . . there were three submitted instructions by the State.

State: Judge, the State asks for the lesser included of Count 2 which is the C felony fondling.

Defense Counsel: But if the [Class] A[ child molesting charge has] been dismissed I don't know that there's a lesser included. . . if the Court[ ha]s dismissed the [Class] A [child molesting charge,] I don't know that. . . .

Court: I thought this would happen in the reverse and I don't know that . . . [the] State should have sat on it but I think we clearly have a lesser *contemporaneous with your motion*.

Defense Counsel: I don't disagree with that but what I'm saying is now [that] the Court's granted the [Trial Rule] 50(A) [motion]

so I don't know if the [Class] A's dismissed then—and I'm not saying that that's not true—it absolutely can be—I just don't know and I just—I'm asking for five minutes to look at the case law.

Court: Okay. But in your five minutes I ask you to consider—so *had the State made that presentation prior to your motion you're saying it would have survived*?

Defense Counsel: I don't—maybe—probably. . . .

Court: Yeah, *I expected that before I heard what you said so our timing's a little different* but it makes sense for them to stand on it.

\* \* \*

[Recess]

Defense Counsel: Yes, Judge, . . . [o]ur only objection [is that] the State was permitted to amend Count 2 to a C felony and . . . I do object to that amendment.

\* \* \*

Court: Yeah, you know, I think this is an interesting legal issue that could wind up at the Court of Appeals I guess. The . . . but I do view the overwhelming duty of the Court is to ensure both sides receive a fair trial. I think the evidence gets us to this point. That is really the basis in the Court's opinion. I think the defense's argument is a . . . legal argument that they have preserved and *because it was all contemporaneous* with another [sic] I believed it was appropriate to allow the State to file the lesser as Count 2.

Tr. at 119-27 (emphases added).

[10] On appeal, Baca maintains that, when the trial court granted his Trial Rule 50 motion, the court acquitted him on Counts I and II. Thus, he asserts, his conviction on Count II violated double jeopardy principles. The State contends that Baca "was not reprosecuted after an acquittal" because, as the trial court stated, Baca's motion for a directed verdict and the State's motion to amend Count II were "contemporaneous." Appellee's Br. at 9.

[11] To resolve this issue, we have to determine whether, as the trial court found, the parties' motions were contemporaneous or whether Baca was acquitted before the State's motion to amend. "Contemporaneous" means "occurring . . . at the same time." Black's Law Dictionary 384 (10th ed. 2014). While the State had ample opportunity to move to amend Count II during the side bar discussion of Baca's motion for a directed verdict, the State waited until *after* the trial court had granted Baca's motion for a directed verdict before it made its motion to amend Count II. The timing of the two motions is clear. They were not contemporaneous.

[12] In *State v. Lewis*, our Supreme Court observed that

> "a judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause." *Smalis*[ *v. Pennsylvania*], 476 U.S. [140,] 142 [(1986).] This remains true despite the fact that the order was not formally designated as an acquittal. The United States Supreme Court has "emphasized that *what constitutes an 'acquittal' is not to be controlled by the form of the judge's action[, but by] whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged*."

[*United States v.* ]*Martin Linen*[ *Supply Co.*], 430 U.S. [564,] 571 [(1977)] (citations and footnote omitted).

543 N.E.2d 1116, 1117-18 (Ind. 1989) (emphasis added, some citations omitted).

[13] Here, the trial court found that the State had presented insufficient evidence to show the element of penetration, as required to prove Counts I and II, and the court granted Baca's motion for a directed verdict.[2] The State was not caught by surprise. This was not a "gotcha" moment. The issue of penetration was squarely before the court. The State simply failed to present sufficient evidence on that issue, and the trial court correctly granted the defendant's motion for a directed verdict on those two counts.

[14] The sequence is unmistakable, and it matters. The State's motion to amend was not contemporaneous but was made after-the-fact. It was not until after the trial court had granted the defendant's motion and Count II was a nullity that the State moved to amend a charge that had been adjudicated. But at that point, there was not charge left to amend.

[15] A trial court's grant of a directed verdict for the defendant under Trial Rule 50 "acts as an acquittal" and bars retrial. *State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind. 1987). As a matter of law, the trial court acquitted Baca on Counts I and

---

[2] A directed verdict is a "ruling by a trial judge taking a case from the jury because the evidence will permit only one reasonable verdict." Black's Law Dictionary 1791 (10th ed. 2014).

II, and the trial court's subsequent grant of the State's motion to amend Count II and Baca's conviction on that purportedly amended count violated constitutional prohibitions against double jeopardy. Thus, we reverse Baca's conviction on Count II, child molesting, as a Class C felony.[3]

Reversed.

Baker, J., and Robb, J., concur.

---

[3] Baca does not appeal his conviction for child molesting, as a Level 4 felony, on Count III. That conviction stands. Resentencing is not required, as the trial court imposed consecutive sentences on Counts II and III.